UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH LYNN HALL

      Plaintiff,

vs.

Case No. 1:23-CV-11

DEPARTMENT OF VETERANS AFFAIRS
RAYMOND G. MURPHY DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER,
VETERANS ADMINISTRATION DESERT PACIFIC HEALTHCARE NETWORK,
BRYAN N. ANGLE MD, ANDREW WILLIAMS MD,
JOHN DOE(S),
INDIVIDUALLY AND SEVERALLY,

      Defendants Individually and Severally.

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Joseph Lynn Hall, by and through his attorneys of record, Johnson Family Law P.C. (Don Johnson Jr.) and for his complaint for money damages, states as follows:

### PARTIES JURISDICITON AND VENUE

1. Plaintiff Joseph Lynn Hall (Hereinafter referred to as Plaintiff) is a resident of Cortez, Colorado, but was present in Albuquerque, New Mexico at the time of surgery.

2. That Defendant Raymond G. Murphy Medical Center provides medical services to the veterans in Albuquerque, New Mexico and has its principal place of business located in 1501 San Pedro Drive, Southeast Albuquerque, New Mexico in the County of Bernalillo.

3. That Defendant Raymond G. Murphy Medical Center provides medical care to the veterans of the State of New Mexico with its principal place of business located at 1501 San Pedro Drive, Southeast Albuquerque, NM 87108 and is a part of the Veterans' Administration Desert Pacific Healthcare Network.

4. That all remaining defendants are medical providers providing medical services in New Mexico and at the time of the alleged medical malpractice were all employees/agents/servants of Defendants Raymond G. Murphy VA Medical Center and were acting within the scope of that employment/agency/servant relationship when they failed to follow the applicable standard of medical care during their treatment of the Plaintiff on or about May 8th, 2019, and thereafter, which proximately resulted in a physical injury to the Plaintiff.

5. Plaintiff reserves the right to add the name of John Doe(s) and amend the pleading when it is obtained through the discovery process.

6. That the amount sought in this suit exceeds the jurisdiction limit of the District Court of New Mexico. The venue Defendants Raymond G. Murphy Medical Center most appropriate venue in Albuquerque, New Mexico and as and Raymond G. Murphy Medical Center maintain their principal place of business in Albuquerque, New Mexico.

7. That these medical mistakes occurred on May 5th, 2019, and after that, in the State of New Mexico.

8. That on or about May 8th, 2019, the Plaintiff underwent a cataract LASER eye surgery, as recommended by the Defendants.

9. That following the Plaintiff's CT scan, the Defendants never removed the silicone in his right eye, never informed the Plaintiff of the presence of the silicone in his right eye, never recommended that the Plaintiff have the silicone removed in less than six months, and misjudged the thickness of his cataract.

10. That the standard of medical care applicable to the Defendants is to accurately measure the thickness of a cataract prior to surgery and remove or replace the silicone from the eye prior to six months so that it does not crystalize.

11. As a direct result of the Defendants breaching the applicable standard of medical care owed to the Plaintiff by never removing the silicone in his right eye, never informing the Plaintiff of the presence of the silicone in his right eye, never recommending that the Plaintiff have the silicone removed in less than six months and misjudging the thickness of his cataract the Plaintiff suffered a physical injury to his body.

12. That Defendants Bryan Angle, M.D., and Andrew Williams, M.D., all medical doctors, under the applicable standard of medical care owed a duty to the Plaintiff to supervise the medical care that Raymond G. Murphy Medical Center was providing to the Plaintiff. The defendant medical doctors breached this duty and standard of care by failing to adequately perform, and or supervise the operations. As a direct and proximate result of these failures, the Plaintiff suffered a physical injury to his body. All of these failures amounted to a breach of the applicable standard of medical care.

13. That all of the injuries and damages sustained by the Plaintiff were the direct and proximate result of the negligent actions and breaches of the applicable standards of medical care by all of the Defendants without any act or omission on the part of the Plaintiff directly thereunto contributing.

14. That the Plaintiff did not assume the risk of his injuries.

15. Plaintiff has complied with all of the statutory preconditions to filing this medical malpractice claim.

16. The incident giving rise to the instant Complaint occurred in Albuquerque, in the County of Bernalillo, State of New Mexico.

17. The amount in controversy satisfies the jurisdictional requirements of this court.

18. This Court has jurisdiction over the subject matter and the named parties in the action. Venue is properly laid in this Court.

## FACTUAL ALLEGATIONS

19. Plaintiff incorporates by reference paragraphs 1 through 18 above as if set forth again in full.

20. The Plaintiff had surgery on his right eye on or about 5/8/2019 at Raymond G. Murphy Medical Center (Defendant).

21. Plaintiff was told by Defendant(s) that Defendant(s) put silicone oil in Plaintiff's right eye because there was fluid under his retina.

22. Based on information and belief the Doctor that performed the surgery did not remove the silicone from Plaintiff's right eye.

23. Based on information and belief the silicone was supposed to be removed in less than six months and was not removed by Defendant(s).

24. The Plaintiff lost almost all his vision in his eye.

25. Plaintiff was sent to Eye Associates of New Mexico for surgery to fix the first surgery at Raymond G. Murphy Medical Center (Defendant(s)).

26. On or about 7/23/2021 Plaintiff, through his attorney, sent the required Notice of Representation SF 95-109 to listed Defendant(s) in compliance with the Federal Torts Claims Act. That claim was filed within two years of the incident in compliance with the Federal Torts Claims Act (FTCA).

27. On or about 8/5/2021 the US Department of Veterans Affairs, Office of General Counsel sent a letter acknowledging receipt of the claim filed under the FTCA.

28. On or about 2/10/2022 Plaintiff's attorney contacted the attorney listed on the letter, Deanna Livingston for an update.

29. On 3/8/2022 Ms. Livingston responded as follows:

**Allegations:** Veteran/Claimant, Mr. Joseph Lynn Hall alleges, generally, that he "had eye surgery on or about May 8, 2019 and the doctor made an error that caused irreparable damage to the veteran's eye. The veteran was referred to Eye Associates of New Mexico to repair the damage, but the damages is irreparable."

**Date of Alleged Incident (per the SF-95):** May 8, 2019

**Time Period to be Reviewed for MAO:** Instead of one procedure, VA (Dr. Bryan Angle) performed three separate procedures involving Mr. Hall's right eye. The procedures were performed on **May 8, 2019; May 20, 2019; and, June 13, 2019**. Each procedure – and the combination of the three procedures -- should be reviewed under this request along with the preoperative and post-operative periods. Thus, the requested review period is April 2019 through October 2020, when Claimant alleges he was told by a non-VA provider that his right eye had been irreparable damaged by VA's care.

30. Ms. Livingston requested an internal review on or about 8/9/2022 to determine if the Defendant(s) had made any errors.

31. Based on a teleconference with Ms. Livingston she informed Plaintiff, through his attorney of record, that the internal review showed no errors in the surgery.

32. This claim is filed within six months of that teleconference in compliance with the FTCA.

33. Plaintiff visited his eye doctor and was informed that the fluid that was placed under his retina was only supposed to remain there for less than six months and was left there for over a year. The silicone that remained in his eye crystallized and rendered him practically blind.

34. Based on information and belief Defendant(s) miscalculated the thickness of Plaintiff's cataract.

35. As a result of Defendant's actions Plaintiff suffered the following damages:

    a. Loss of vision in his right eye,

    b. Loss of balance,

c. Medical and other related expenses,

d. The loss of enjoyment of life;

e. Pain and suffering and other physical, emotional and consequential damages, and

f. Psychological effects associated with fear of future health issues.

## COUNT I NEGLIGENCE – MEDICAL MALPRACTICE

(As to Defendants BRYAN N. ANGLE M.D., ANDREW WILLIAMS M.D. AND

JOHN DOES)

36. The Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1-35 above.

37. That Defendants Bryan N. Angle M.D., Andrew Williams M.D., and John Doe(s) deviated from the acceptable standard of medical care during the care and treatment of the Plaintiff on or about May 8th, 2019 and thereafter and that this deviation was the direct and proximate cause of a physical injury to the Plaintiff and the direct and proximate cause of all of the Plaintiff's injuries and damages.

38. WHEREFORE: Plaintiff claims money damages against Defendants Bryan N. Angle M.D., Andrew Williams M.D., and John Does in an amount to be determined at trial, plus costs, and for any further relief that this Honorable Court determines necessary and appropriate.

## COUNT II: NEGLIGENCE/MEDICAL MALPRACTICE/RESPONDENT SUPERIOR/AGENCY

(As to Defendants RAYMOND G. MURPHY DEPARTMENT OF VETERANS AFFAIRS MEDICAL CENTER, and VETERANS ADMINISTRATION DESERT PACIFIC HEALTHCARE NETWORK)

39. The Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1-37 above.

40. That during all of the times alleged herein that the Plaintiff was receiving medical care and treatment from Defendants Bryan N. Angle M.D., Andrew Williams M.D., and John Does these defendants were employed by Raymond G. Murphy DVA Medical Center and VA Desert Pacific Healthcare Network, and they were acting within the scope of that employment.

41. That Defendants Raymond G. Murphy DVA Medical Center and VA Desert Pacific Healthcare Network are responsible for the breach of applicable medical care occasioned by their employees, the defendants herein, which resulted in a physical injury to the Plaintiff.

42. WHEREFORE, the Plaintiff claims monetary damages against Defendants Raymond G. Murphy DVA Medical Center and VA Desert Pacific Healthcare Network in an amount to be determined at trial, plus costs, and for any further relief that this Honorable Court deems necessary and appropriate.

WHEREFORE, Plaintiff demands judgment against Defendants, individually and serially, in an amount which does not exceed the jurisdictional requirements of this Court, plus interest and costs, punitive damages, and Plaintiff demands such other and further relief as this Court may deem just, proper and equitable.

Plaintiff, Joseph Lynn Hall
by his attorney
Johnson Family Law P.C.

/s//
Don D. Johnson, Jr.
JOHNSON FAMILY LAW P.C.
1303 Tijeras Ave NW
Albuquerque, NM 87102
Telephone: (505) 888-2008
donjohnsonesq@gmail.com
*Attorney for Plaintiff*

STATE OF COLORADO    )
                     ) ss.
COUNTY OF Montezuma  )

PLAINTIFF, being first duly sworn upon his oath, deposes and states:

That Plaintiff has read, knows and understands the contents of this foregoing pleading, and the statements herein are true to Plaintiff's own knowledge and belief.

*Joseph Hall*
Joseph Lynn Hall

SUBSCRIBED AND SWORN TO before me this 16 day of November, 2022, by Joseph Lynn Hall.

*Julie Ann Horton*
Notary Public

My Commission Expires: 7-11-26

JULIE ANN HORTON
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20224026821
MY COMMISSION EXPIRES 07/11/2026